UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIS TILLMAN,

    Petitioner,

v.                                                    CASE NO. 8:23-cv-1133-CEH-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("petition") (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 5). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

On October 25, 2019, Petitioner pleaded guilty to second-degree murder (Respondent's Ex. 3). He was sentenced to 50 years in prison (Respondent's Ex. 4). His judgment was amended on October 31, 2019, to reflect that the crime to which he pleaded guilty constituted a first-degree felony punishable by life imprisonment. (Respondent's Ex. 5). He did not appeal.

On October 21, 2021, he moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850 (Respondent's Ex. 6). After the Rule 3.850 motion was

1

twice amended, it was denied on September 2, 2022 (Respondent's Ex. 11). The denial of relief was affirmed on appeal (Respondent's Ex. 14), and the appellate court mandate issued on May 16, 2023 (Respondent's Ex. 15). Petitioner filed his federal habeas petition on May 25, 2023 (Doc. 1).

## Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Petitioner's judgment of conviction became final (Doc. 5). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). And "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not file a direct appeal, his judgment became final on Monday, December 2, 2019, thirty days after it was entered. *See Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009) ("Appellant did not appeal his judgment and sentence. Thus, his judgment and sentence became final 30 days later when the time

for filing an appeal passed."); Rule 9.420(e), Florida Rules of Appellate Procedure ("Computation of time is governed by Florida Rule of General Practice and Judicial Administration 2.514" which provides "When the period is stated in days or a longer unit of time. . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, . . .the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. . . ."). The AEDPA limitations period began running the next day, December 3, 2019, and expired 365 days later on Wednesday, December 2, 2020.[1] Therefore, Petitioner's May 16, 2023 federal habeas petition is untimely.

Petitioner argues his petition is not time-barred because he is entitled to equitable tolling of the AEDPA's limitations period approximately between April 9, 2020 and December 5, 2020 (Doc. 1 at 14-15). Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He must show a causal connection between the extraordinary circumstances and the late filing of the petition. *San Martin v. McNeil*, 633 F.3d 1257,

---

[1] Petitioner's October 21, 2021 Rule 3.850 motion had no tolling effect on the AEDPA statute of limitations because it was filed after the limitations period expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

3

1267 (11th Cir. 2011). A prisoner bears the burden of proving that he is entitled to equitable tolling. *Id*. at 1268.

Petitioner has not met his burden to show he is entitled to equitable tolling. He alleges that approximately 45 days after he was transferred to Blackwater Correctional Institution on February 22, 2020, seventy-five percent of the inmates contracted Covid-19 and were quarantined for eight months. During that time, Petitioner had no access to the law library. And after the quarantine, "the process in which [he] was able to accomplish the little that [he] did was very hesitant and slow."

Lack of access to a prison law library or legal papers is not an extraordinary circumstance warranting equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) ("*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Castillo v. United States*, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017) ("[N]either lack of access to a federal law library, nor periods of time in which a prisoner is separated from his legal documents constitute extraordinary circumstances [that warrant equitable tolling]."). Moreover, both the Eleventh Circuit Court of Appeals and district courts within the Eleventh Circuit, including this district, have declined to grant equitable tolling based on prison lockdowns caused by COVID-19. *See, e.g., Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at

*1 (11th Cir. Jun. 22, 2021) (determining COVID-19 was not an "extraordinary circumstance" because all prisoners attempting to access legal resources were subject to COVID-19 protocols); *Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) ("Under this Court's precedents, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling."); *United States v. Marshall*, 2021 WL 3854469, *3 (E.D. Ky. Aug. 5, 2021) (a general lack of access to legal resources, even during COVID-19 pandemic, does not justify equitable tolling); *Lutgen v. United States*, 2023 WL 2475309, at *5 (S.D. Fla. Mar. 13, 2023) ("However, this circuit's precedent is that 'lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.'" (quoting *Powell*, 2022 WL 2811987, at *1)); *Lebed v. Sec'y*, 2023 WL 6676138, at *3 (M.D. Fla. Oct. 12, 2023) (rejecting petitioner's argument that he was entitled "to equitable tolling based on lockdowns or the law library's being converted to a quarantine area due to COVID-19"). Accepting Petitioner's contentions as true, he fails to demonstrate extraordinary circumstances beyond his control and due diligence. Consequently, he is not entitled to equitable tolling.

Even were the Court to grant Petitioner equitable tolling between April 9, 2020, and December 5, 2020, Petitioner's habeas petition still would be untimely. The AEDPA limitations commenced on December 3, 2019, and 128 days elapsed before Petitioner no longer had access to a law library on April 9, 2020. After the

alleged 8-month quarantine ended December 5, 2020, the limitations period started again and expired 237 days later on Friday, July 30, 2021.[2] Thus, even with equitable tolling, Petitioner's May 16, 2023 federal habeas petition is nearly two years late.

In sum, because Petitioner failed to file his petition within the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A), and because he failed to establish adequate grounds for equitable tolling, his petition must be dismissed as time-barred.

Accordingly, Respondent's construed motion to dismiss (Doc. 5) is **GRANTED**. Petitioner's petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred.

**Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. A COA will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*,

---

[2] Petitioner's assertion that after the quarantine "the process in which [he] was able to accomplish the little that [he] did was very hesitant and slow" is vague and unsupported by any facts or evidence and therefore insufficient to warrant equitable tolling. *See San Martin*, 633 F.3d at 1271 (petitioner was not entitled to an evidentiary hearing on equitable tolling where allegations were conclusory and unsupported by evidence).

542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.; *Webster*, 199 F.3d at 1257 n. 2 (dismissal of habeas petition as time-barred is procedural). Petitioner cannot make that showing. And since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

ORDERED in Tampa, Florida on April 10, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Petitioner, *pro se*